IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEREMY CHAVEZ,

    Plaintiff,

  v.                                                                       No. CIV 12-0150 WJ/RHS

SCOTT STRUMAN,[1]
POU LEVEL II FACILITY,
JSU MEDICAL DEPT.,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

---

[1] This Defendant's name is spelled "Struman" in the complaint's caption but is spelled "Strauman" twice in text. For purposes of this order only, hereinafter the Court uses the spelling from the text of the complaint.

*Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint, which is drafted on a pre-printed state court tort form, alleges that Defendant Strauman caused injury to Plaintiff's shoulder by using unnecessary excessive force. Plaintiff alleges that he had previously undergone surgery on the same shoulder, and that Strauman's action left him in excruciating pain. His only allegation regarding medical treatment is that a specialist told him his shoulder is beyond repair. The Court construes Plaintiff's complaint as asserting claims under the Eighth Amendment for excessive force and denial of adequate medical treatment. Plaintiff seeks damages and an apology.

The complaint makes no factual allegations of denial of medical treatment, and it appears that Plaintiff asserts both injury and medical claims against the same three Defendants. Defendant P.O.U. Level II Facility is not a suable entity, *see White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001), and Defendant J.S.U. Medical Dept., as a subdivision of the New Mexico Corrections Department, is not a "person" against whom claims may be brought under 42 U.S.C. § 1983, *see Buchanan v. State of Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010). The Court will dismiss Plaintiff's claims against these Defendants. Plaintiff may, of course, amend his complaint.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants P.O.U. Level II Facility and J.S.U. Medical Dept. are DISMISSED; and Defendants P.O.U. Level II Facility and J.S.U. Medical Dept. are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of Plaintiff's complaint, for Defendant Strauman.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE